IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER BENHAM, )<br><br>            Petitioner, )<br><br>      vs. )<br><br>UNITED STATES OF AMERICA, )<br><br>            Respondent. ) | Cr. No. 20-00075-HG-1<br>Civ. No. 22-00056-HG-WRP |

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF No. 97)**

**and**

**DENYING A CERTIFICATE OF APPEALABILITY**

On February 7, 2022, Petitioner Christopher Benham filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

Petitioner seeks to correct his sentence based on the claim that he received ineffective assistance of counsel. Petitioner alleges that his prior counsel, Lars Isaacson, was deficient at the sentencing phase. Petitioner claims Attorney Isaacson erred when he failed to pursue a sentence reduction pursuant to 18 U.S.C. § 3553(f), the safety valve provision.

Petitioner argues that he was eligible for the safety valve reduction at the time of his January 2021 sentencing, and that he would have received a lower sentence had he been found eligible.

1

Petitioner is incorrect.  The law upon which Petitioner now relies was unsettled at the time of his sentencing.  Attorney Isaacson's decision not to pursue a safety valve reduction was not objectively unreasonable at the time of Petitioner's sentencing.

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 97) is **DENIED.**

A certificate of appealability is **DENIED.**

## PROCEDURAL HISTORY

### I.   Information, Guilty Plea, & Sentencing

On March 6, 2020, a Criminal Complaint was filed as to Petitioner Christopher Benham.  (ECF No. 1).

On March 13, 2020, Attorney Lars R. Isaacson was appointed as counsel for Petitioner.  (ECF No. 9).

On September 3, 2020, Petitioner was charged in an Information with one count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).  (ECF No. 28).

On September 15, 2020, Petitioner pled guilty before the Magistrate Judge to the sole count of the Information.  (ECF Nos. 36-40).  Petitioner's guilty plea was made pursuant to a plea agreement.  (ECF No. 39).

On October 7, 2020, the District Court accepted Petitioner's

2

guilty plea.  (ECF No. 48).

On January 27, 2021, Petitioner was sentenced to 110 months imprisonment followed by 5 years of supervised release.  (ECF No. 81).

## II.  Petitioner's Section 2255 Motion

On February 7, 2022, Petitioner Benham, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF No. 97).

On February 9, 2022, Attorney Isaacson moved to withdraw as counsel for Petitioner.  (ECF No. 98).

On February 25, 2022, the Court granted Attorney Isaacson's Motion to Withdraw and held Petitioner's Section 2255 Motion in abeyance pending appointment of new counsel.  (ECF No. 101).

On February 28, 2022, Attorney Marc Victor was appointed as counsel for Petitioner.  (ECF No. 102).

On May 27, 2022, Petitioner filed AMENDMENT TO MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255.  (ECF No. 108).

On June 22, 2022, the Government filed a Response.  (ECF No. 110).

On July 7, 2022, Petitioner filed a Reply in support of his Section 2255 Motion.  (ECF No. 111).

On August 12, 2022, the Government filed a Sur-Reply.  (ECF No. 114).

3

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence if:

    (1)  the sentence was imposed in violation of the Constitution or laws of the United States;

    (2)  the court was without jurisdiction to impose such a sentence;

    (3)  the sentence was in excess of the maximum authorized by law;

    (4)  or the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

A prisoner may file a motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255. The scope of a collateral attack of a sentence is limited, and does not encompass all claimed errors in conviction and sentencing.

A district court must hold an evidentiary hearing to assess the worthiness of a Section 2255 Motion unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b).

## ANALYSIS

Petitioner's Section 2255 Motion is premised on the alleged ineffective assistance of counsel at sentencing, Attorney Lars Isaacson.

4

A prisoner who alleges ineffective assistance of counsel in a Section 2255 Motion must satisfy the two-part test of ineffective assistance set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that counsel's performance was deficient.  Second, the petitioner must show that the counsel's deficient performance was prejudicial.  "Under Strickland, a criminal defendant's counsel may be deemed ineffective only if counsel's performance falls outside the 'wide range of reasonable professional assistance.'"  Torres-Chavez v. Holder, 567 F.3d 1096, 1100-01 (9th Cir. 2009) (citing Strickland, 466 U.S. at 689).

Petitioner claims that his counsel was deficient for not seeking a sentencing reduction pursuant to 18 U.S.C. § 3553(f), the safety valve provision.  A defendant who meets the requirements of the safety valve can receive a two-level decrease of his Guidelines range.  See U.S.S.G. § 2D1.1(b)(18). Petitioner argues that he would have received a lower sentence had he been found eligible for the safety valve.

## I.   The First Step Act & Subsequent Case Law

On December 21, 2018, the First Step Act was enacted.  See First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221 (2018).

5

The First Step Act amended the safety valve provision codified at 18 U.S.C. § 3553(f). The safety valve allows the District Court to sentence a defendant below a statutory minimum if the defendant has met certain criteria set forth in Sections 3553(f)(1) through (f)(5). Id. At issue in Petitioner's Section 2255 Motion is Section 3553(f)(1) of the safety valve. Section 3553(f)(1) focuses on the defendant's prior criminal history.

The relevant portion of the safety valve provision, as amended by the First Step Act, states:

> [T]he court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission ... without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—
>
> (1) the defendant does not have—
>
> > (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> >
> > (B) a prior 3-point offense, as determined under the sentencing guidelines; and
> >
> > (C) a prior 2-point violent offense, as determined under the sentencing guidelines;

18 U.S.C. § 3553(f).

There is currently disagreement among the United States Circuit Courts of Appeals as to the correct interpretation of Section 3553(f)(1). The disagreement is whether a defendant is required to meet each of the three criminal history elements set

6

forth in Sections 3553(f)(1)(A) through (f)(1)(C), or just one of the three elements.

On May 21, 2021, the Ninth Circuit Court of Appeals issued a decision in <u>United States v. Lopez</u>, 998 F.3d 431 (9th Cir. 2021). The <u>Lopez</u> Court held that the criteria enumerated in Subsections 3553(f)(1)(A) through (C) must be read conjunctively, such that a defendant is ineligible for the sentence reduction only if he meets all three elements.

The Ninth Circuit Court of Appeals decision in <u>Lopez</u> is binding precedent for this Court, although other Circuit Courts have reached different conclusions.  <u>Compare</u> <u>Lopez</u>, 998 F.3d 431 (9th Cir. 2021) <u>with</u> <u>United States v. Pulsifer</u>, 39 F.4th 1018 (8th Cir. 2022); <u>United States v. Pace</u>, --- F.4th ---, 2022 WL 4115728 (7th Cir. 2022).

## II.  Petitioner Benham's Safety Valve Eligibility at the Time of His January 27, 2021 Sentencing

The interpretation of Section 3553(f)(1) announced in <u>Lopez</u> was not the law in the Ninth Circuit at the time of Petitioner's sentencing on January 27, 2021.  <u>Lopez</u> was not decided until May 21, 2021.  Prior to <u>Lopez</u>, the state of the law was unsettled as neither the Ninth Circuit Court of Appeals nor any other Circuit Court had published guidance as to the proper interpretation of the safety valve, 18 U.S.C. § 3553(f)(1).

The Presentence Investigation Report did not find Petitioner

was eligible for the safety valve at the time of sentencing. (ECF No. 70).  Petitioner's sentence of 110 months imprisonment did not reflect a safety valve reduction.

## III. Petitioner Cannot Demonstrate Ineffective Assistance of Counsel

Petitioner Benham contends that Attorney Isaacson provided ineffective assistance of counsel for failing to seek a sentence reduction pursuant to the safety valve, 18 U.S.C. § 3553(f). (Pet.'s Br. at p. 1, ECF No. 108).

Under the first step of the Strickland test, the defendant must show that counsel's performance was deficient.  Deficient performance is conduct that falls "below an objective standard of reasonableness" and is outside of "the range of competence demanded of attorneys in criminal cases."  Strickland, 466 U.S. at 687–88.  When evaluating a claim of deficient performance, the District Court must assess the challenged conduct "on the facts of the particular case, viewed as of the time of counsel's conduct."  466 U.S. at 690.

An attorney's failure to anticipate future judicial decisions is not considered deficient performance.  See Lowry v. Lewis, 21 F.3d 344 (9th Cir. 1994).  In Lowry, a habeas petitioner alleged ineffective assistance of counsel based on his attorney's decision to not file a motion to suppress.  Id. at p. 346.  The state of the law at the time of the attorney's decision

8

suggested that such a motion was meritless.  Id.  Later, a
judicial opinion was issued that would have supported the
suppression of evidence, but that opinion was not issued until
after the attorney declined to file the motion.  Id.  The Lowry
Court concluded that the attorney's performance was not
deficient, reasoning that the performance must be evaluated as of
the time of the attorney's decision was made.  Id.

Petitioner Benham cannot show that Attorney Isaacson's
failure to seek a safety valve reduction at the time of his
sentencing was deficient.  The law at the time of Petitioner's
sentencing did not warrant a safety valve reduction.  There was
no precedent that would have supported an argument in favor of a
safety valve reduction at the time.  Attorney Isaacson's
performance cannot be deemed deficient for not anticipating the
decision of the Ninth Circuit Court of Appeals in Lopez, 998 F.3d
431.  Attorney Issacson's decision not to request a safety valve
reduction does not fall below the Strickland standard.  Lowry, 21
F.3d at 346.

Petitioner further alleges that his sentencing counsel
misunderstood the law governing safety valve eligibility based on
a letter that he sent to Petitioner a year after his sentencing,
on January 11, 2022. (See Ex. A to Pet.'s Br., ECF No. 108-1).
The letter sent a year after sentencing does not support a
finding that Attorney Isaacson provided ineffective assistance of

counsel at the January 2021 sentencing.

Pursuant to the second step of the <u>Strickland</u> test, a defendant must show that he was prejudiced by counsel's deficient performance.  The January 2022 letter did not prejudice Petitioner in his January 2021 sentencing.  The law the Court applied prior to <u>Lopez</u> at the time of Petitioner's January 2021 sentencing did not support his eligibility for the safety valve. Petitioner is unable to demonstrate that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694.

Petitioner's Section 2255 Motion (ECF No. 97) is **DENIED.**

## IV.  **Petitioner is Not Entitled to a Certificate of Appealability**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 provides that a Certificate of Appealability may be issued in a habeas corpus proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

A "substantial" showing requires a prisoner to show that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).

10

Petitioner's Section 2255 Motion has not made a substantial showing that Petitioner was deprived of a constitutional right. Petitioner's arguments are not supported by the record and applicable law.  Reasonable jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings.

A Certificate of Appealability is **DENIED.**

### CONCLUSION

Petitioner Christopher Benham's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 97) is **DENIED.**

A Certificate of Appealability is **DENIED.**

IT IS SO ORDERED.

DATED: September 28, 2022, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Christopher Benham v. United States, Cr. No. 20-00075-HG-1; Civ. No. 22-00056 HG-WRP, **ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF No. 97) and DENYING A CERTIFICATE OF APPEALABILITY**

11