IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 20-00075 HG-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER BENHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE BASED ON AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 121)**

Defendant Christopher Benham, proceeding pro se, seeks a reduction of his term of imprisonment based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Amendment 821 altered the sentencing guidelines of certain zero point offenders under Section 4C1.1 and changed the calculation of "status points" under United States Sentencing Guideline § 4A1.1(e).

Defendant is not eligible for a reduction in sentence. Neither of the changes in Amendment 821 apply to him. Defendant is not a zero-point offender and he did not receive any status points at sentencing.

Defendant's Motion to Reduce Sentence (ECF No. 121) is **DENIED.**

1

**PROCEDURAL HISTORY**

### I.   Information, Guilty Plea, & Sentencing

On March 6, 2020, a Criminal Complaint was filed as to Defendant Christopher Benham.  (ECF No. 1).

On September 3, 2020, Defendant was charged in an Information with one count: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).  (ECF No. 28).

On September 15, 2020, Defendant pled guilty before the Magistrate Judge to the sole count of the Information.  (ECF Nos. 36-40).  Defendant's guilty plea was made pursuant to a plea agreement.  (ECF No. 39).

On October 7, 2020, the Court accepted Defendant's guilty plea.  (ECF No. 48).

On January 11, 2021, the Probation Officer filed the Presentence Investigation Report.  (ECF No. 70).

The Presentence Report calculated Defendant's offense level at 31 and his criminal history category was III.  (Id. at ¶¶ 38, 46).

Defendant's criminal history was based on two prior convictions:

> (1)   a 2007 conviction for Identify Theft in the Second Degree and Theft in the Second Degree in the Circuit Court of the First Circuit, State of Hawaii, Cr. No. 07-1-0501, for which he was assessed <u>one criminal history point</u>; and,

2

    (2)    a 2006 conviction for Access Device Fraud and Aggravated Identity Theft in the United States District Court for the District of Hawaii, Cr. No. 05-00403 DAE, for which he was assessed <u>three criminal history points</u>.  (<u>Id.</u> at ¶¶ 44-45).

Based on the offense level and criminal history category, Defendant's sentencing guideline range was 135 to 168 months imprisonment.  (<u>Id.</u> at ¶ 100).

On January 27, 2021, Defendant was sentenced to 110 months imprisonment with 5 years of supervised release.  (ECF No. 81).

## II. Defendant's Motion To Reduce Sentence

On January 8, 2024, Defendant, proceeding pro se, filed a Motion to Reduce Sentence Under Amendment 821 to the United States Sentencing Guidelines Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 121).

On January 9, 2024, the Court referred the Motion to the Federal Public Defender's Office to see if they would represent the Defendant in seeking a reduction in sentence.  (ECF No. 122).

On January 10, 2024, the Federal Public Defender's Office declined to represent the Defendant.  (ECF No. 123).

Also on January 10, 2024, the Court issued a briefing schedule.  (ECF No. 124).

On January 31, 2024, the Government filed its Response in Opposition to Defendant's Motion.  (ECF No. 125).

3

**STANDARD OF REVIEW**

Section 3582(c)(2) of Title 18 of the United States Code permits a court to reduce a term of imprisonment if the sentence was based on a sentencing range subsequently lowered by the United States Sentencing Commission.

The Sentencing Commission amended United States Sentencing Guideline § 1B1.10 to provide for a reduction in certain terms of imprisonment as a result of amended guideline ranges provided for in Amendment 821, which became effective on February 1, 2024. United States v. Leano, 2024 WL 710483, at *2 (D. Haw. Feb. 21, 2024).

**ANALYSIS**

Defendant Benham's Motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Defendant is not eligible for a reduction in his term of imprisonment because he has not established that his sentencing guidelines would be lower pursuant to Amendment 821.

Amendment 821 made two significant changes in the Sentencing Guidelines and the calculation of criminal history points.

First, Subpart A of Amendment 821 limits the overall criminal history impact of "status points," which are additional criminal history points given to a defendant for having committed

4

an offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.  See U.S.S.G. § 4A1.1(e).

Here, Defendant Benham did not receive any status points in calculating his criminal history points.  Defendant did not commit the instant offense while under a criminal justice sentence.  Defendant's most recent probation expired in 2018, prior to committing the instant offense.  (Presentence Investigation Report at ¶ 44, ECF No. 70).  The changes in the sentencing guidelines under Amendment 821 for the calculation of status points do not apply to Defendant Benham.

Second, Subpart B of Amendment 821 created a new guideline found in U.S.S.G. § 4C1.1, which provides for a decrease of two offense levels for defendants who meet its requirements, including having no criminal history category points pursuant to Chapter 4, Part A.  See U.S.S.G. § 4C1.1.

Here, Defendant is not a zero-point offender.  The Presentence Report reflects that Defendant properly received four criminal history category points based on his two prior convictions in 2006 and 2007.  (Presentence Investigation Report at ¶¶ 44-45, ECF No. 70).  Section 4C1.1 does not apply to Defendant.

The changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant Benham.  Defendant

is not entitled to a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

**CONCLUSION**

Defendant's Motion to Reduce Sentence based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 121) is **DENIED**.

IT IS SO ORDERED.

DATED: February 29, 2024, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Christopher Benham, Cr. No. 20-00075 HG-1, **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE BASED ON AMENDMENT 821 OF THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2)**